Pee Curiam,
 

 This was an action of divorce brought by the husband on the ground of indignities to his person, such as to render his condition intolerable and life burdensome. The court below entered a decree of divorce. The wife appealed.
 

 As is usual in such cases, the evidence was conflicting, but the attorney for the appellant frankly admitted that the testimony of the appellee, his son and daughter-in-law, if believed, was sufficient to warrant the granting of a divorce.
 

 In view of this, no good purpose would be served by going into the details of the actions of the respondent relied on by the appellee as grounds for divorce. The learned judge, who decided the case, saw and heard the witnesses, and was of opinion that the evidence of the libellant and his witnesses was worthy of belief, while the testimony of the respondent did not carry conviction to his mind. The libellant is seventeen years older than the respondent. When they were married on December 18, 1926, he was earning from $160 to $175 a month, but on October 1, 1934 he was transferred to the Pension List and thereafter received only $59 a month. The indignities complained of began soon after that time.
 

 From the evidence in the case the learned trial judge made specific findings of a series of indignities offered by the respondent to the person of the libellant — which it is not necessary to detail here — so continuous as to constitute a course of conduct, and justifying a divorce on the ground charged in the libel.
 

 We have read the testimony with care, as we are required to do, and our judgment of the evidence is in agreement with that of the court below.
 

 The decree is affirmed.